# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00784-CR

**Marcus Anthony Perkins, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY
## NO. C-1-CR-12-216472, HONORABLE BRANDY MUELLER, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Marcus Anthony Perkins was convicted of the offense of driving while intoxicated. *See* Tex. Penal Code § 49.04. Perkins appeals the trial court's judgment of conviction.

During the trial, a video taken from the dashboard camera of one of the responding police officers was offered into evidence. When the video was offered, the following exchange occurred:

[State]: Your Honor, for the record, is the video admitted into evidence?

[Court]: With no objection, correct, [Perkins's counsel]? And the Court has noted as will the record your arguments and points you made earlier.

[Perkins]: Yes. Reserving those issues, I don't have other objections.

[Court]: Okay. Thank you.

(Videotape admitted into evidence).

On the following day, the trial court indicated that it "had an opportunity to view the video evidence submitted by the State." Further, when announcing its judgment, the trial court explained that it "spent a good deal of time watching the duration of this video once, and then certain portions of it over and over again."

Although the record demonstrates that the video was offered and admitted into evidence and relied on by the trial court, the video was not included in the record as an exhibit. On August 20, 2014, we asked the trial court clerk to file a supplemental record containing the video. The county clerk responded and explained that the video was never formally submitted to the court reporter to make it part of the official record and that, therefore, the clerk's office did not have a copy to submit.

Under Rule 34.6(f), an appellant is entitled to a new trial if he "has timely requested a reporter's record," but "a significant exhibit . . . has been lost or destroyed" through no fault of the appellant's; if "the lost or destroyed exhibit[] is necessary to the appeal's resolution"; and if "the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit." Tex. R. App. P. 34.6(f). Accordingly, we abate this appeal and remand the case to the trial court.

On remand, the trial court is ordered to hold a hearing to determine the issues that follow. First, the trial court should determine if the video is lost or destroyed. Second, if the trial court determines that the video is lost or destroyed, it should determine whether the video may be

replaced either by agreement of the parties or by a copy that the trial court determines is an accurate duplicate of the original video. Finally, in the event that the trial court determines that the video is lost or destroyed and further concludes that it cannot be replaced, the trial court must determine whether Perkins is entitled to a new trial. The hearing should be held at the earliest opportunity, but the parties may stipulate to as many of the issues as possible in an effort to save time.

Further, the trial court is ordered to make findings of fact and conclusions of law pertaining to the issues discussed above. In addition, the trial court clerk is ordered to prepare a supplemental clerk's record containing the trial court's findings and conclusions and any orders signed by the trial court. Similarly, the court reporter is ordered to prepare a transcript of the hearing and to file the transcript as a supplemental reporter's record in this appeal. The trial court clerk and the court reporter should file their supplemental records within 30 days of the date reflected on this opinion. If the trial court determines that additional time is necessary to resolve the issues, it shall file a written request explaining the need for the additional time as well as the diligent efforts that have been made attempting to comply with the deadline established by this opinion.

It is ordered September 17, 2014.


Before Justices Puryear, Pemberton, and Field

Abated and Remanded

Filed:   September 17, 2014

Do Not Publish

3